# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED ROAD LOGISTICS, LLC,

    Plaintiff,

                                      Case No. 16-11975

v.

                                      HONORABLE DENISE PAGE HOOD

JM TRANSFER, LLC,

    Defendant.

_____/

## ORDER DENYING MOTION TO CONSOLIDATE

      This matter is before the Court on a Motion to Consolidate Cases currently pending in this District pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and E.D. Mich. Local Rule 42.1 filed by Defendant JM Transfer, LLC, the defendant in the instant action. Plaintiff United Road Logistics, LLC opposes the motion. Briefs have been filed, and, for the reasons set forth below, the motion is denied.

      Rule 42(a)(2) provides that a court may consolidate actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a)(1); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). The objective of consolidation is to administer the court's business with expedition and economy while providing justice to the parties. *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992). Consolidation of separate actions does not merge the independent actions into one suit. *Id.* at 1180.

The party seeking consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined. *Young v. Hamrick,* 2008 WL 2338606 at *4 (E.D. Mich. 2008). Once the threshold requirement of establishing a common question of law or fact is met, the decision to consolidate rests in the sound discretion of the district court. *Stemler v. Burke,* 344 F.2d 393, 396 (6th Cir. 1965). The court weighs the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *Banacki v. OneWest Bank, FSB,* 276 F.R.D. 567, 571 (E.D. Mich. 2011). Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial. *Id.* at 572. Consolidation is not justified or required simply because the actions *include* a common question of fact or law. *Id.* When cases involve *some* common issues but individual issues predominate, consolidation should be denied. *Id.*

The trial court must consider whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Cantrell,* 999 F.2d at 1011 (citations omitted). "Care must be taken that consolidation does not result in unavoidable prejudice or unfair

2

advantage." *Id.* Even though conservation of judicial resources is a laudable goal, if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny. *Id.*

JM Transfer argues that the factual issues in the five cases[1] it seeks to consolidate allege a common fact pattern in which URL acted as a transportation broker and entered into a common Broker/Contractor Agreement with each of the defendants. JM Transfer asserts that in each case, two important, and potentially dispositive legal issues are common. JM Transfer claims that the first legal issue is that URL's breach of contract claims in each of the cases are void and of no effect because the claims are preempted by the exclusive remedy of the Carmack Amendment to the ICC Termination Act, 49 U.S.C. § 14705. The second legal issue

---

[1] The five cases are:
1) 16-11975, *United Road Logistics LLC v. JM Transfer, LLC* (Hood) (removed June 1, 2016; scheduling order issued October 11, 2016; recent Motion to Amend Complaint filed February 16, 2017).
2) 16-11998, *United Road Logistics LLC v. VIG Transport LLC* (Murphy) (removed June 2, 2016; Scheduling Order issued November 9, 2016).
3) 16-12128, *United Road Logistics LLC v. Alpha Transportation Group LLC* (Hood) (removed June 10, 2016; Motion to Dismiss filed June 17, 2016 and heard August 17, 2016).
4) 16-12141, *United Road Logistics LLC v. Bull Transport LLC* (Cox) (removed June 13, 2016; Motion to Dismiss filed June 20, 2016 and set for hearing April 6, 2017).
5) 16-14018, *URS Midwest, Inc. v. Mega Buck Resources* (Cox) (removed November 11, 2016; Motion to Dismiss filed November 17, 2016 and set for hearing April 6, 2017).

is whether URL, as a broker of freight shipments, has constitutional or prudential standing to bring a Carmack Amendment claim against a motor carrier even though another party, the shipper of the goods, is the only party who was actually injured when the cargo was damaged and is the only party with standing to sue under the Carmack Amendment. JM Transfer asserts that because five separate motions for summary judgment or trials would be reduced to one, the savings of the party and judicial resources would be more than "slight."

URL responds that each of the five cases JM Transfer seeks to consolidate involve separate and independent broker-carrier agreements and different parties, including different sets of plaintiffs and defendants. URL asserts that the five actions involve five different shippers, six different vehicles, five different truck drivers, five different time periods, at least five different sets of witnesses, including witnesses at the origin and witnesses at the destination of the haul, and three different sets of plaintiffs. URL argues that consolidation is not proper under Rule 42(a) since the cases involve different parties, specifically unrelated Defendants, with different witnesses, different factual issues and legal issues. Other than that some of the "causes of action" are the same and some of the terms of the agreements are the same, URL claims that there is no basis to consolidate the cases. URL further claims that it is the various plaintiffs' contention that the Carmack Amendment does not apply to

4

their claims for indemnity under the broker-carrier agreements, and that they only pleaded claims under the Carmack Amendment as an alternative theory for relief.

Based on a review of the complaints filed in each of the five cases at issue, the Court finds that there are no common questions of fact involved in the five cases, other than similar terms in the agreements. The plaintiffs are not all the same, although they may be related. The defendants are not related to each of the other defendants. The underlying facts involving the circumstances of how the parties entered into the agreements are not the same. The dates, times, destinations, and incidents are not the same. JM Transfer argues that there is a "common fact pattern" involved in all the cases because URL acted as a transportation broker and entered into a common Broker/Contractor Agreement with each of the defendants. This argument does not support the "common fact" required under Rule 42(a)(2) since each of the case involves different sets of parties, locations, destinations, the circumstances of how the agreements were entered into and the incidents arising out of each case. Under JM Transfer's "common fact pattern" argument, this would mean that any agreement URL entered into with any other party where URL is acting as a transportation broker is subject to consolidation. JM Transfer has not carried its burden that there are common facts involved in all the cases.

As to the two legal issues JM Transfer argues are common in all the cases,

5

preemption and standing, those appear to be common defenses by any defendant in cases involving the Carmack Amendment (and also in many cases involving a federal statute). JM Transfer argues that consolidation of the actions would minimize motion practice since only one motion instead of five motions need to be filed. However, dispositive motions have already been filed in three of the five cases sought to be consolidated. These motions to dismiss (see footnote 1, *infra*) in the other cases were filed in June and November 2016, prior to the instant Motion to Consolidate filed by JM Transfer on December 20, 2016. JM Transfer's argument that consolidating the cases to one case would reduce the number of motions filed by all the defendants involved is without merit since JM Transfer waited until three dispositive motions had been filed in the other remaining cases before filing this motion.

JM Transfer's argument that consolidation would be in the interest of judicial economy for all parties is belied by its action of waiting more than six months to file this motion. JM Transfer removed this action from State court on June 1, 2016. Of the four other cases JM Transfer seeks to consolidate, four were removed to this district in June and one in November 2016. Scheduling Orders and/or Motions to Dismiss have been filed in those cases.

There were three[2] previously dismissed cases in which JM Transfer did not seek to consolidate. These cases involved URL and were filed in February and May 2016. In the case before U.S. District Judge Nancy G. Edmunds, a Motion to Dismiss was filed by the defendant, which was granted on July 27, 2016.[3] On the other hand, U.S. District Judge Bernard A. Friedman denied the defendant's Motion to Dismiss and granted Plaintiff's Motion to Amend in a September 9, 2016 Order.[4] JM Transfer's argument that consolidation of the cases would avoid inconsistent rulings is without merit since two of the earlier cases filed involving URL resulted in opposite rulings on motions to dismiss. Consolidating the remaining cases at this juncture would not prevent inconsistent rulings since previous inconsistent rulings have already been entered in the other cases in this District.

---

[2] The three cases which have been dismissed: 1) Case No. 16-10520, *United Road Logistics v. Napoleon Trucking, LLC* (Leitman) (filed February 12, 2016; Clerk's entry of judgment by default entered June 7, 2016); 2) Case No. 16-10641, *United Road Logistics LLC v. DVM Car Trans, LLC* (Edmunds) (removed February 22, 2016; Order of Judgment Dismissing Case without prejudice filed August 31, 2016); 3) Case No. 16-11769, *United Road Logistics LLC v. Compass Auto Transport, Inc.* (Friedman) (removed May 18, 2016; Order dismissing case without prejudice filed November 10, 2016).

[3] Case No. 16-10641, *United Road Logistics LLC v. DVM Car Trans, LLC, et al.*, Opinion and Order granting defendant's Motion to Dismiss and denying Plaintiff's Motion to Amend First Amended Complaint, Doc. No. 20.

[4] Case No. 16-11769, *United Road Logistics LLC v. Compass Auto Transport, Inc.*, Order denying without prejudice Motion to Dismiss and granting Motion to Amend/Correct, Doc. No. 27.

Although JM Transfer argues that the legal issues were dispositive, if this Court were to rule denying any motions to dismiss, the cases would then move forward to discovery. As noted above, the defendants in the remaining five cases are unrelated. The facts surrounding each agreement is different. The defendants are not all in one location. The individuals involved in each of the agreements, other than perhaps the plaintiffs involved, are unrelated and would require fact discovery unrelated to the other cases if the cases were consolidated. Judicial economy would not be served even if the cases were consolidated since fact discovery would involve different and unrelated parties, witnesses and locations.

Based on the above, the Court finds that the risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues. The Court further finds that consolidation of the cases would not ease the burden on the unrelated parties and witnesses. Judicial resources would not be saved by consolidating the cases at this juncture since earlier cases have been dismissed where dispositive motions were filed. Dispositive motions in the remaining cases have also been filed by other unrelated defendants. The length of time required to conclude multiple suits against a single one is also not shortened since dispositive motions have been filed and some have already been heard. Because the defendants in all the cases are unrelated, there would be no savings of expenses if the cases were

to go to trial since each case against a particular defendant would require a separate trial. JM Transfer has not carried its burden of demonstrating the commonality of law, facts or both in the cases sought to be combined and that consolidation would result in any judicial economy.

Accordingly,

IT IS ORDERED that Defendant JM Transfer, LLC's Motion to Consolidate Cases **(Doc. No. 14)** is DENIED.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager